IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CADLEROCK III, LLC.,** ] | |
| ] | |
|     **Plaintiff,** ] | |
| ] | |
| v. ] | **Civil Action No.:** |
| ] | **2:15-cv-0425-KOB** |
| **JOHN BROOKS KLINGENBECK, et al.,** ] | |
| ] | |
|     **Defendants.** ] | |

**MEMORANDUM OPINION**

CadleRock III, LLC, as successor-in-interest to the Federal Deposit Insurance Corporation, sued John Brooks Klingenbeck, Jennie Brooks Klingenbeck, and Eula T. Brooks, seeking to set aside an alleged fraudulent conveyance of land under two theories: Alabama's fraudulent conveyance statute and that the deed in question was not valid. CadleRock has moved for partial summary judgment with leave to later prove damages. (Doc. 27). CadleRock is seeking a determination that either the conveyance was fraudulent or the deed ineffective.

**I.   BACKGROUND**

    **A.   Florida Deficiency Judgment**

John Brooks Klingenbeck was a member of Global Southern, LLC. Global Southern entered into a series of loan agreements with GulfSouth Bank. Global Southern borrowed approximately $1.9 million, and John Klingenbeck personally guaranteed this debt.

On July 18, 2012, Global Southern defaulted on its loans from GulfSouth, and so the bank filed suit against Global Southern, John Brooks Klingenbeck, and others in Walton County, Florida. The case was removed to the United States District Court for the Northern District of Florida. On February 25, 2014, the federal court issued a final deficiency judgment against John

1

Brooks Klingenbeck for $1,040,985.11. The bank filed copies of the judgment in the probate courts of Shelby and Etowah counties in Alabama.

### B. Etowah County Property Transfer

On October 30, 2007, John Brooks Klingenbeck became the owner of property located on Wharton Road in Gadsden, Alabama. After obtaining title, a house was built on the land and the property was insured for nearly $500,000. The named insured on the policy was Eula Brooks, John Brooks Klingenbeck's grandmother. In August of 2012, the house on the property was destroyed by fire. Eula Brooks collected four insurance checks totaling a little over $700,000.

John Brooks Klingenbeck purported to convey the property to his mother, Jennie Brooks Klingenbeck, via a document entitled "Quickclaim [sic] Deed." The deed was dated October 15, 2007, fifteen days before John Brooks Klingenbeck acquired the property. The document is also signed by notary public Dianne Turner. Curiously, Ms. Turner wrote under her signature that her commission expired on June 1, 2013. Under Ala. Code § 36-20-1, a notary public's commission lasts four years.

Jennie Brooks Klingenbeck recorded the deed on February 20, 2013 in the Probate Court for Etowah County, Alabama. On March 17, 2014, Jennie Brooks Klingenbeck attempted to transfer the property through a deed to her brother Ronnie Brooks and his wife, Beckie Brooks.

### C. Bankruptcy Proceeding and Post-Judgment Discovery

During post-judgment discovery in the Florida federal court action in 2014, John Brooks Klingenbeck did not mention the property in Etowah County as an asset. In December of 2014, John Brooks Klingenbeck filed for Chapter 13 Bankruptcy and did not disclose the deficiency judgment against him or the Etowah County property.

## II. STANDARD OF REVIEW

When a district court reviews a motion for summary judgment, it must determine two things: whether any genuine issues of material fact exist, and whether the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

The court must "view the evidence presented through the prism of the substantive evidentiary burden" to determine whether the non-moving party presented sufficient evidence on which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court must refrain from weighing the evidence and making credibility determinations because these decisions belong to a jury. *See id.* at 254.

Further, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). After both parties have addressed the motion for summary judgment, the court must grant the motion *only if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

## III. DISCUSSION

CadleRock's motion for summary judgment asks the court to either set aside the conveyance from John Brooks Klingenbeck to Jennie Brooks Klingenbeck or declare the deed void because a quitclaim deed cannot convey an after-acquired property interest. In their response, the Defendants do not contest that John Brooks Klingenbeck had no valid interest in the Etowah County property when he purported to convey it to his mother. Rather, the Defendants now *agree* with the Plaintiff that the deed was void and the transfer ineffective. (Doc. 34 at 9).

Given that no dispute between the parties exists, the court **GRANTS** the Plaintiff's motion for summary judgment on Count II. The court **DECLARES** John Brooks Klingenbeck to be the

owner of the Etowah County Property. Further, the court **ENJOINS** the Defendants from transferring or otherwise disposing of the property.

The Defendants now argue that because there was no transfer, "all of CadleRock's claims involving fraudulent transfer are due to be dismissed." (Doc. 34 at 9). If the Defendants wish to make such an argument, they need to file a motion to dismiss CadleRock's fraudulent transfer claims.

## IV.   CONCLUSION

The court **GRANTS** CadleRock's motion as to Count II of its complaint and **ENTERS JUDGMENT** in favor of CadleRock. The court **ENJOINS** the Defendants from disposing of the property. The court will set a status conference by separate order to discuss moving forward with this case and the relief to which CadleRock may be entitled.

**DONE** this 3rd day of March, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE